IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-029-DCK

| | |
|---|---|
| AMANDA LITTLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER ) |
| NORTH CAROLINA DEPARTMENT OF JUSTICE, | ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss Amended Complaint" (Document No. 15). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

### I. BACKGROUND

Amanda Little ("Plaintiff" or "Little") filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 2, 2018, regarding alleged misconduct by her employer, the North Carolina Department of Justice ("Defendant" or "NCDOJ"). (Document No. 13, p. 9). Plaintiff received a Right to Sue letter on or about December 6, 2018.[1] Id. Plaintiff then filed an action in the Superior Court of Wake County, North Carolina, on March 5, 2019. (Document No. 13, p. 2). The case was removed to the United States District Court for the Eastern District of North Carolina on or about April 9, 2019. Id.; see also Little v. NCDOJ, 5:19-CV-137-FL (E.D.N.C. Apr. 9, 2019). Ultimately, the original case was resolved by the parties filing a

---

[1] It does not appear that Plaintiff has filed copies of any of her EEOC documents in this action.

"Stipulation Of Dismissal Without Prejudice" on December 15, 2020. (Document No. 13, p. 3); see also Little, 5:19-CV-137-FL (Document No. 23) (E.D.N.C. Dec. 15, 2019).

Plaintiff initiated this action with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina, on December 14, 2021. Defendant removed the case to this Court on January 25, 2022. (Document No. 1). Defendant then filed an "Answer…" (Document No. 5) and a "Motion To Dismiss" (Document No. 6) on February 16, 2022.

On March 7, 2022, the parties filed a "Certification And Report Of Fed.R.Civ.P. 26(f) Conference…" (Document No. 8) and a "Joint Stipulation of Consent to Exercise Jurisdiction by a United States Magistrate Judge" (Document No. 9). The undersigned issued a "Case Management Order" (Document No. 12) on March 11, 2022.

Plaintiff's "Amended Complaint" (Document No. 13) was then filed on March 29, 2022. The Amended Complaint asserts claims for: (1) violation of Title I of the ADA; (2) sex discrimination in violation of 42 U.S.C. § 2000e-2; and (3) retaliation in violation of 42 U.S.C. § 2000e-3. (Document No. 13, pp. 9 – 14). Plaintiff alleges Defendant's misconduct occurred in or about 2017, and concluded with Defendant terminating her employment on or about July 7, 2017. (Document No. 13, pp. 6-8).

Defendant's "Motion To Dismiss Amended Complaint" (Document No. 15) and "Memorandum In Support…" (Document No. 16) were filed on March 31, 2022. Defendant asserts that this case must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it was not filed within the 90-day statutory limitation period, and therefore, Plaintiff's claims are barred. (Document No. 15) (citing 42 U.S.C. § 2000e-5(f)(1). "Plaintiff's Memorandum In Response And

Opposition…" (Document No. 18) was filed April 14, 2022; and the "Reply In Support of Defendant's Motion…" (Document No. 19) was filed April 20, 2022.

The pending motion is now ripe for review and disposition.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

The crux of Defendant's argument for dismissal is that Plaintiff's stipulated voluntary dismissal of the prior action in the Eastern District does *not* toll the statute of limitations for claims brought under Title VII or the ADA. (Document No. 16, pp. 9-11) (citing Angles v. Dollar Tree Stores, Inc., 494 Fed. Appx. 326, 329 (4th Cir. 2012) and Neal v. Xerox Corp., 991 F. Supp. 494 (E.D.Va.), aff'd, 155 F.3d 560 (4th Cir. 1998)). Defendant asserts that "[w]here an action is voluntarily dismissed without prejudice, the parties are left as if the action had never been brought." (Document No. 16, p. 9) (citing Quinn v. Watson, 145 Fed.Appx. 799, 800 n.* (4th Cir. 2005)).

The Fourth Circuit's note in Quinn is instructive here:

> A Title VII action must be brought within 90 days of receipt of a right-to-sue letter issued by the Equal Employment Opportunity Commission. *See* § 2000e–5(f)(1). In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not "toll" or suspend the ninety-day limitations period. . . . even a dismissal without prejudice will not benefit [Plaintiff].

Quinn, 145 Fed.Appx. at 800. See also Tisdale v. Enter. Leasing Company-Se., LLC, No. 3:13-CV-221-GCM, 2013 WL 3227927, at *3 (W.D.N.C. June 25, 2013) (quoting Angles, 494 Fed.Appx. at 329) ("The fact that Plaintiff filed a previous Complaint within the ninety day period does not alter this result. Plaintiff's previous Title VII claims were dismissed without prejudice and

4

'a Title VII complaint that has been filed but then dismissed without prejudice *does not toll* the 90–day limitations period.'"

Defendant further argues that Plaintiff's claims are not subject to equitable tolling. (Document No. 16, pp. 11-13). Defendant notes that the doctrine of equitable tolling only allows a court to pause the running of the statute of limitations where there are extraordinary circumstances. (Document No. 16, p. 12) (citing Heimeshoff v. Hartford Life & Acc. Ins. Co., 571 U.S. 99, 114 (2013) and Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002)).

In response, Plaintiff does not dispute that relevant legal authority supports Defendant's position that "dismissal of a discrimination suit does not toll the 90-day limitations period" and that equitable tolling is appropriate under extraordinary circumstances. (Document No. 18, pp. 6-7) (citations omitted).

Plaintiff contends that her health issues and the COVID-19 pandemic impacted her ability to prosecute her claims and constitute extraordinary circumstances that justify equitable tolling of the statute of limitations in this matter. (Document No. 18, p. 7).

In reply, Defendant argues that Plaintiff has not met her burden of establishing the elements of equitable tolling. (Document No. 19, p. 2) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Defendant asserts that equitable tolling is only used "sparingly," and that "the Fourth Circuit has recognized that equitable tolling is available only in 'those rare circumstances where – due to circumstances **external** to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Id. (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) and Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) (emphasis added)). "The Fourth Circuit has found equitable tolling available where the defendant's intentional misconduct led a plaintiff to miss the filing deadline. (Document

5

Case 3:22-cv-00029-DCK    Document 20    Filed 02/27/23    Page 5 of 7

No. 19, pp. 2-3) (citing Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 226 (4th Cir. 2005) (equitable tolling is an appropriate remedy in cases where a claimant "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.")).

Defendant argues that Plaintiff has not suggested any misconduct here, or that Defendant ever represented that it would not seek to dismiss any refiled Complaint. (Document No. 19, p. 3). Defendant suggests sympathy for Plaintiff's health issues, but notes that "they do not establish a basis for equitable tolling and **Plaintiff has not cited any authority to support her contention otherwise**." Id. (Emphasis added).

The undersigned is also sympathetic to Plaintiff's health issues that allegedly diminished her ability "to effectively participate in the prosecution of her claims." (Document No. 13, p. 2). However, Defendant seems to have ably demonstrated that the weight of relevant legal authority supports dismissal here. In contrast, Plaintiff only offers a conclusory argument, without citing any helpful caselaw, suggesting that equitable tolling is applicable to the circumstances of this case. See (Document No. 18, pp. 6-8).

In Scott v. Potter, this Court did partially deny a motion to dismiss a Title VII action that involved a stipulation of dismissal and a renewed Complaint filed after the 90-day statute of limitations; however, in that case, the parties' agreed to dismissal of the original action "without prejudice, **subject to refiling with a bar to timeliness being raised by the defendant if refiled within ninety (90) days of the date of dismissal**." Scott v. Potter, 3:08-CV-106-FDW-CH, 2008 WL 2893150 at *2 (W.D.N.C. July 23, 2008) (emphasis added). In the instant case, the parties' "Stipulation Of Dismissal Without Prejudice" did not address any bar to timeliness being raised by Defendant at a later date. See Little, 5:19-CV-137-FL (Document No. 23) (E.D.N.C. Dec. 15, 2019).

Based on Defendant's arguments and legal authority, the undersigned is persuaded that the motion to dismiss should be granted.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion To Dismiss Amended Complaint" (Document No. 15) is **GRANTED**.

Signed: February 27, 2023

David C. Keesler
United States Magistrate Judge

7